MORRELL *against* WAGGONER.

RIKER, for the defendant, moved to set aside the *capias ad respondendum* issued in this cause.

It was made returnable " before us, at," &c. to answer, &c. and to " a bill of the plaintiff against the defendant for breaking the close of the plaintiff, and taking and cutting the apple-trees of the plaintiff, to the value of 1,000 dollars, according to the statute in such case made and provided, then and there to be exhibited," &c.

He objected, 1. That the return of the writ was not according to the statute, (24 sess. c. 75.) which directs all process to be made returnable " before our justices of our supreme court of judicature," &c. and was therefore void. 2. That by the *ac etiam* clause, it appears to be an action on a statute, and the title of the statute is not indorsed on the writ.

*Boyd*, contra, insisted, that the writ was not void, but voidable merely, and asked leave to amend. He said, that the action was not founded on any statute, but was a common action of *trespass quare clausum fregit.* The words in the *ac etiam* clause, " according to the statute," &c. are inserted, merely to show that the plaintiff might hold the defendant to bail.

*Per Curiam.* We have decided that such a writ is voidable only. The case of *Drake* v. *Millar* (*Coleman's Cases*, 85.) was contrary to the existing rules on the subject, and ought not to govern, unless in a case precisely similar, in every respect. (See *ante*, *Williams* v. *Rogers*, 166.) The plaintiff may amend, on payment of costs.

A writ made returnable " before us," &c. is voidable only, and may be amended.